[No. 20294.  Department One.  April 27, 1927.]

NORTHERN SAVINGS & LOAN ASSOCIATION, *Respondent*,
v. MARY H. CASEY *et al., Appellants.*[1]

[1] BILLS AND NOTES (94)—RIGHT OF ACTION—DEFAULT—TIME OF
ACCRUAL—INSTALLMENT PAYMENTS—APPLICATION OF OVERPAY-
MENTS.  The maker of a note for $3,200, calling for monthly
payments of $53.12, is not in default, entitling the payee to
declare the whole sum due, where all such monthly sums were
paid before due, with overpayments, authorized by the condi-
tions of the note, which were received from time to time with-
out any request that the overplus be treated as a payment on
the principal sum.

Appeal from a judgment of the superior court for
King county, Paul, J., entered December 5, 1925, upon
findings in favor of the plaintiff, in an action to fore-
close a mortgage, tried to the court.  Reversed.

*John T. Casey,* for appellants.

*Patterson & Patterson,* for respondent.

FULLERTON, J.—On August 25, 1922, the appellant,
Mary H. Casey, executed and delivered to the respond-
ent her promissory note for the sum of $4,462.08, agree-
ing therein to pay the amount of the note in eighty-four
equal monthly installments of $53.12 each.  The note
recited that it was given "on account of a loan of three
thousand two hundred and 00/100 ($3,200.00) dollars,
and the proportion of twelve hundred sixty-two and
8/100 ($1,262.08) dollars interest thereon, . . . "
The note recited that time was material and of the
essence thereof, and provided that, in case of default in
the payment of any of the installments, the holder at
its option could declare the whole debt to be immediately
due and payable.  At the time of the execution of the
note, the appellant Casey executed and delivered to
the respondent a mortgage upon real property to secure

[1]Reported in 255 Pac. 659.

the note, the mortgage being conditioned to pay the note according to its tenor and effect.

On March 25, 1925, the respondent began the present action to recover upon the note and foreclose the mortgage; alleging that there had been paid upon the principal sum due upon the note the sum of $1,006.26, and that interest had been paid thereon to September 30, 1924, but that nothing more had been paid thereon, and that it had elected to declare the entire balance of the principal and interest represented by the note due and payable. The appellant, answering the complaint, denied that she was in default in her payments, and set up affirmatively an over-payment of the sums due according to the terms of the note. The trial court heard the evidence of the parties and found therefrom that there had been paid on the principal of the note the sum of $1,075.26, and that the interest had been paid thereon down to December 13, 1924, and that there was a balance due of $2,124.74, and for that sum entered a personal judgment against the appellant, Mary H. Casey, and a decree foreclosing the mortgage.

The evidence showed that the appellant made her payments somewhat irregularly. At times she would not pay on the due date, but later on would pay an increased sum, not with any particular reference to the amount then due. At the time the foreclosure action was begun, however, she was not in default; that is to say, by the terms of the note the accruing monthly payments then amounted to the sum of $1,646.72, and the total of the sums she had then paid amounted to $1,770.68, and subsequent to the commencement of the action, but before the summons in the action had been served upon her, she paid an additional sum of sixty dollars, which the respondent accepted and retained.

[1] The record does not disclose the ground upon which the trial court rested its conclusion that the ap-

pellant was in default. The respondent, however, in its bill of particulars, credited each of the several payments in part to principal, and in part to interest, and by this method of crediting the payments it is made to appear that, for the last few months preceding the declaration of forfeiture, the payments made did not equal the sums accruing on the note calculated at the rate of payment provided for therein. It may be that the trial court adopted this method of crediting the payments, but if it did so, we think it was in error. The appellant's contract was to pay stated sums monthly, and if she paid these sums, whether before or after their due date, and the respondent accepted them, she could not be declared to be in default at any time the payments equalled or exceeded the amount due.

The note provided, it is true, that it could be paid in full at any time, and that additional payments could be made at any time, in which event interest would cease on any sums so paid. But payments made by the appellant which overpaid the amounts then due were treated by the parties as payments on the accruing monthly sums; at least, the appellant did not request that the overplus be treated as a payment on the principal sum, nor did the respondent at the time it received the payments make any deduction in the amount of the subsequently accruing payments.

We conclude that the appellant was not in default at the time the declaration of forfeiture was made, and that the respondent then had no option to declare the whole sum due. The judgment is, therefore, reversed, and the cause remanded with instructions to enter a judgment to the effect that the respondent take nothing by its action.

MACKINTOSH, C. J., FRENCH, MITCHELL, and MAIN, JJ., concur.